DANTE *v.* MINIGGIO.

---

# DANTE *v.* MINIGGIO.

---

EQUITY; DECEDENT'S ESTATES; COLLECTORS.

1. Where during the lifetime of a *cestui que trust* the equity court, at the instance of the trustee, assumed jurisdiction over the trust estate, and from time to time directed the trustee to pay debts of the *cestui que trust*, it was *held* that after his death and pending the determination of a contest involving the validity of his will, that court had jurisdiction over the trust estate for its conservation, but its power to order the payment of debts terminated with his death. (Citing *Hutchins* v. *Dante*, 40 App. D. C. 262.)

2. An action is not maintainable against the collector of a decedent's estate to recover a debt due by the deceased. (Following *Berry & W. Co.* v. *Dante*, 43 App. D. C. 110.)

No. 2986.  Submitted February 5, 1917.  Decided February 19, 1917.

HEARING on an appeal by a trustee from an order of the Supreme Court of the District of Columbia, sitting as an equity court, directing him to pay claims of creditors against the estate.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

March 7, 1910, Stilson Hutchins and his wife joined in conveying to William J. Dante a very large estate in trust to hold,

manage, and do all acts necessary for the conservation of the estate, to invest and reinvest, etc., collecting rents, etc., during the life of said Stilson Hutchins; that upon the death of the said Hutchins the said trust estate was to revert to the estate of Stilson Hutchins and to be delivered to any executors of said Hutchins, to be distributed in accordance with the directions of his will.

Dante took possession of the said estate, advising with and consulting the said Hutchins in the meantime.

May 19, 1911, he filed a bill in equity court against said Stilson Hutchins, Rose Keeling Hutchins, his wife, and Walter Hutchins and Lee Hutchins, his children, and Mildred Rogers, a granddaughter. He set out the aforesaid trust deed and made the following allegation: That the responsibility imposed upon the trustee in the care and management of the estate of the said Stilson Hutchins is very great, and that while he had had charge and has satisfactorily managed and directed its affairs for many years, still he was able from time to time to make due report to the said Stilson Hutchins of his action and conduct of the affairs of the said estate and receive approval thereof; that inasmuch as your complainant is now unable to consult and advise with the said Stilson Hutchins and has been unable so to do for some months, and as important matters are constantly presenting themselves for the action of your complainant, he deems it advisable that inasmuch as the said trust is one which may continue for some months or be of long duration and the rights of a minor grandchild may be involved in the administration of the said trust as well as the rights of the wife of the said Stilson Hutchins and his two sons, your complainant is advised that it is his right and duty to ask this honorable court for leave to administer the trust in him reposed by said deed of conveyance as hereinbefore set forth under the direction of this honorable court, and that he may from time to time submit for the consideration of the court his actions and doings as well as his accounts.

This bill was unopposed by the parties made defendant, and the court assumed control of the trust and ordered the trustee

to file reports of the condition and character of the estate. Certain orders were afterwards made touching the allowance from said estate to the wife of said Hutchins.

On November 8, 1911, Dante filed a petition asking instructions of the court touching certain matters. In the meantime Rose Keeling Hutchins had filed a petition setting out certain debts due by said Hutchins, which are recited. She asked instructions with respect to the payment of said bills.

A guardian *ad litem* had been appointed for said Stilson Hutchins on account of his incompetency to manage his own affairs.

The equity court entered an order on December 12, 1911, making this reference to the auditor: "Ordered that all the bills and claims referred to and enumerated in the schedule accompanying said report and identified as "Guardian's Report, Exhibit No. 1,' and all other claims and bills against the defendant Stilson Hutchins and his wife presented up to the time of the filing of said report, be and they are hereby referred to the auditor of this court, with directions to give notice to the parties to this suit and to the creditors of the said Stilson Hutchins or his wife that he will on the 20th day of December, 1911, receive proof as to said claims and bills and all objections presented thereto, and will proceed to consider and pass upon the same in order to report his findings and conclusions thereon to the court, and that the auditor shall proceed to examine and make and conclude and report his findings and conclusions in respect of said bills and claims and objections thereto, on or before the 10th day of January, 1912, with leave to make, from time to time, special reports in respect of such bills and claims as he may be able to conclude the examination of without waiting to complete his report on all of said bills and claims."

The auditor made a partial report on January 12, 1912, allowing certain claims, and on February 2, 1912, the court entered an order ratifying his report and ordering and directing the trustee, Dante, to pay to the creditors the claims which are therein recited.

March 26, 1912, the auditor filed another report submitting certain claims which he concluded should be paid, among them the claims of Gittings and Chamberlin, one of those which are included in this appeal, and, also, Doctor Jelliffe.

This report was excepted to by Dante on April 11, 1912, for many reasons therein stated.

Stilson Hutchins died April 21, 1912, and his death was suggested June 12, 1914, by a number of the creditors who were concerned in this proceeding. William J. Dante had been previously appointed collector of the estate of said Hutchins, and on June 12, 1914, the court noted the suggestion of the death of said Stilson Hutchins and ordered that Dante, as administrator *ad litem* and collector, be made party defendant in the above cause in lieu of and in place of said Stilson Hutchins, and that a subpœna issue directed to him to appear and defend.

Dante filed a motion to set aside the order making him defendant as collector on July 20, 1914, alleging that as collector he is not subject to suit; that owing to the death of defendant Hutchins jurisdiction of this court is restricted to the conservation of the trust estate, and it has not the power of distribution conferred by statute upon the probate court; that the order making the collector party defendant was at the instance of divers creditors of the estate of Stilson Hutchins seeking the payment of various claims which are payable out of the personalty, and that the proper forum for the prosecution of said claims is in the probate court having jurisdiction of said estate.

In support of this motion he filed an affidavit alleging that Hutchins died on the 21st of April, 1912, leaving a last will and testament, which has been duly filed in the probate court of the District of Columbia; that a caveat having been filed to the admission of said will to probate, affiant was appointed collector of the estate of said Stilson Hutchins.

October 14, 1914, a number of creditors, including those who are appellees in this proceeding, filed a petition in the court having control of this trust which recited the proceedings appointing Dante as collector and administrator *pendente lite*

and the appointment of Nathaniel Wilson as guardian *ad litem* for Stilson Hutchins in this cause, and the petition of Dante calling the court's attention to the fact that there were a large number 'of creditors of said Hutchins pressing for payment of their claims and threatening suit, and also the order of this court taking jurisdiction over the trust estate of said Hutchins and directing the defendant Rose Keeling Hutchins to submit the unpaid bills in relation to the household of said Stilson Hutchins contracted prior to October, 1911, which she claimed to be chargeable against, and payable out of, the estate of Stilson Hutchins, to his guardian *ad litem,* Nathaniel Wilson, Esquire, and further directed that such bills so presented should be referred to the said guardian for advice and recommendation; and he further authorized the trustee to pay such bills to which there was no objection, and to report such bills as were objected to, to the court for its further action. Petition also recites the order referring claims to the auditor and the giving of notice by the auditor to the creditors mentioned in said report, and the giving notice by publication to all creditors; that petitioners appeared before the auditor and gave proof of each of their respective claims in accordance with the law, and submitted themselves to said court to hear and determine their respective claims. That on January 12, 1912, and on March 26, 1912, the auditor filed his reports along with a transcript of the testimony that was given before him, in which he found there was due to your petitioners, other than Doctors Z. T. Sowers and William Gerry Morgan, the following amounts respectively: Dr. Jelliffe, the sum of $1,000; Dr. Joseph P. Leidy, the sum of $435; Joseph R. Fague, the sum of $5; Gittings and Chamberlin, the sum of $1,253; Madame L. Miniggio, the sum of $7,898 and 50/100 francs ($1,563.70); and Madame Agnes, 4,092 francs; and that on the 12th of January, 1912, the justice of the equity court ordered the said Dante as trustee to pay forthwith all claims approved by the auditor; and that on the 26th of March, 1912, the auditor filed an additional report, finding that all of the claims, including those of petitioners, except Dr. Morgan and Dr. Sowers, were proper claims against

the estate of Stilson Hutchins, and recommended that they be paid.

Petitioners are advised by counsel that they have a right to have the benefit that has accrued to them by reason of the proceedings in this cause and to have the personal representatives of the deceased made a party to the cause in the place and stead of the deceased, in the manner provided in the Code of the District of Columbia.

They prayed that the special appearance and answer of William J. Dante be stricken from the files; that the report of the auditor of March 26, 1912, be ratified and confirmed; and that the trustee and collector be directed to pay forthwith the claims of petitioners; and a further order instructing the auditor to report his findings in the matter of the claims of Dr. Morgan and Dr. Sowers.

October 24, 1914, Dante answered this petition, admitting the death of the said Stilson Hutchins; that he filed his petition in the court, praying instructions relating to the claims outstanding against the said estate; and that by order duly entered the court took jurisdiction of the said trust on the 13th day of November, 1911, and that the order therein referred to was duly entered relating to the payment of certain bills. He admits that he paid various claims pursuant to the order of the court, but denies that any rights have accrued to petitioners by any report made by the auditor which has not been approved. He admits that he has refused to pay the several claims represented by the petitioners, and for reasons therefor says that the same are contested. He says that this court has no jurisdiction to authorize or direct the payment of any claims out of said estate, but that the recourse for relief in this respect must be in the probate court.

These pleadings were submitted to the court, and on July 3, 1915, an order was entered overruling the motion to set aside the order making Dante party defendant as administrator *ad litem* and collector, and further ordering the claims of Dr. Sowers and Dr. Morgan to be referred to the auditor and ordering the auditor to take testimony as to any other claims of

creditors against the said Hutchins heretofore asserted or presented.

December 16, 1915, the court entered an order overruling exceptions to the auditor's report heretofore made by Dante, and ordering Dante to pay the following creditors of Stilson Hutchins the respective sums found by the auditor to be due them, with interest from November 29th, 1911: L. Miniggio, 7,-818.50 francs; Maison Agnes, 4,092.00 francs; J. Doucet, 600 francs; Paul Peigney, 237 francs; Louise Reichling, 1,544 francs; Tesnier & Germond, 1,649 francs; Ferdinand Kalfleisch, 1,340 francs; P. Guichard, 376 francs; Joseph R. Fague, $5; Gittings and Chamberlin, $1,238.75; Smith Ely Jelliffe, $1,000.00; Joseph P. Leidy, $435.00.

From this order Dante has appealed.

*Mr. George E. Sullivan* for the appellant.

*Mr. John C. Gittings, Mr. H. Winship Wheatley, Mr. Otis B. Drake,* and *Mr. Thomas M. Gittings* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Regarding the matter of the jurisdiction of the equity court over this trust estate, when the question was formerly before us we said: "Undoubtedly, the active duties of the trustee terminated with the death of Stilson Hutchins; but the estate remains in his hands until the probate of a will and the issuance of letters to the executors named therein, to whom the estate was required to be delivered. If no will shall be probated, but intestacy established, then delivery of the real estate is to be made to the heirs at law, and of the personal estate to the personal representatives, of the decedent. Delivery of the personal estate has been made to the collector appointed by the probate court pending the proceedings to probate the will, to which a caveat has been filed. The real estate remains in the possession of the trustee under the supervision of the equity court. The

encumbrances upon the real estate, which require renewal from time to time, the payment of interest thereon, the collection of rents, the repair of houses, and the payment of taxes, render it necessary to the conservation of the estate that the equity court shall retain its supervision of the same. Its jurisdiction, we think, is ample for the purpose." *Hutchins* v. *Dante,* 40 App. D. C. 262, 271.

And it was further said in the conclusion: "The jurisdiction of the equity court is limited to the conservation of the trust estate. It has not the power of distribution conferred by statute on the probate court."

The jurisdiction that had been assumed by the equity court over the payment of debts and expenses of Stilson Hutchins terminated with his death, and its sole jurisdiction therefore is as above stated.

Actions for the recovery of debts having abated on the death of Stilson Hutchins could not be revived against the collector of his estate, for it has been held that no action can be maintained against a collector to recover a debt due by the deceased. *Berry & W. Co.* v. *Dante,* 43 App. D. C. 110.

As a will has not been probated, there is no executor against whom the bill can be revived.

It is an unfortunate situation for the creditors of Stilson Hutchins that the collection of their debts may be postponed by reason of the litigation with respect to the probate of his will. The difficulty arises from the fact that our statutes fail to make provision for any such condition.

The court being without jurisdiction to order the payment of the claims appealed in this case, the decree is reversed with costs.                                                    *Reversed.*